LOUIS P. FARAONE AND BARBARA FARAONE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Faraone v. Commissioner
Docket No. 5633-73.
United States Tax Court
T.C. Memo 1975-240; 1975 Tax Ct. Memo LEXIS 133; 34 T.C.M. (CCH) 1035; T.C.M. (RIA) 750240; July 21, 1975 Filed *133 Henry E. Gelles, for the petitioners. Peter J. Panuthos, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioners' income tax for the taxable year 1970 in the amount of $3,855.69. The sole issue to be decided is whether petitioners realized dividend income from L.T.S. Mobile Homes, Inc. (L.T.S.) in the amount of $16,400. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated by reference. Petitioners are husband and wife and resided at Ballston Spa, New York when they filed their petition. Their joint Federal income tax return for the taxable year 1970 was filed with the Andover Service Center, Andover, Massachusetts. Petitioner Louis P. Faraone (petitioner), during 1970, was the principal stockholder and officer of L.T.S. In October 1969, petitioner became indebted to the estate of Catherine A. Bruce in the amount of $40,000 which indebtedness was secured by a mortgage. On October 23, 1970, L.T.S. paid to the estate of Catherine A. Bruce (estate) $16,400 in partial repayment of petitioner's indebtedness to that *134 estate, which amount included $2,400 in interest. Petitioner did not, during 1970, reimburse L.T.S. for the payment made by L.T.S. to the estate. The Federal corporation income tax return of L.T.S. for the taxable year 1970 reflects loans from stockholders at the beginning of the year in the amount of $53,546.99 and loans from stockholders at the end of the year in the amount of $52,994.99. L.T.S. claimed a deduction on the return for interest expense in the amount of $31,685.20. The return was examined by the Internal Revenue Service which disallowed $2,400 of the interest expense claimed with the following explanation: The interest expense has been deemed to be a dividend distribution to the principle [sic] stockholder and disallowed as an ordinary and necessary business expense. L.T.S. agreed to the said adjustment made to its income tax return. L.T.S. had accumulated earnings and profits during 1970 in excess of $16,400. ULTIMATE FINDINGS OF FACT Petitioners realized dividend income during the taxable year 1970 from L.T.S. in the amount of $16,400. OPINION The sole issue is one of fact which petitioners have utterly failed to prove. L.T.S., a corporation of which *135 petitioner was a principal stockholder and officer, paid a portion of petitioner's indebtedness to an estate and interest in the total amount of $16,400. The only evidence offered by petitioners in addition to the facts stipulated were the Federal corporate income tax return of L.T.S. for the taxable year 1970 and the Internal Revenue Service form reflecting income tax audit changes for the L.T.S. return for 1970. Petitioners contend that the $16,400 paid by L.T.S. to the estate was a repayment of a loan from L.T.S. to petitioner. There is no evidence that L.T.S. owed petitioner any money. Petitioners argue that the corporate return of L.T.S. is prima facie evidence of such indebtedness. The return does not indicate to which of its stockholders it owed money and the parties stipulated that Petitioner Louis P. Faraone was the principal stockholder of L.T.S., not that he was the sole stockholder. The decrease in the loans from stockholders during 1970 shown on the corporate return was $552 and was unexplained. Petitioners offer a quotation from (9th Cir., 1932), to the effect that an entry on the corporate books is prima *136 facie evidence of a debt from the corporation to the stockholder. No evidence was offered in the instant case to show what entries were contained in the corporate books. Petitioners argue that the disallowance of the interest deduction of the corporation by the Commissioner to the extent of $2,400 is an acknowledgement by him that $14,000 was properly chargeable to petitioner's loan account. This argument has no merit. The evidence offered by petitioners in support of this contention, the I.R.S. form of income tax audit changes for L.T.S., merely establishes that $2,400 of interest expense was disallowed because it was deemed to be a dividend distribution to a principal stockholder. There is no evidence that the adjustment relates to Petitioner Louis P. Faraone. The statutory notice of deficiency is presumptively correct and the burden of proof is on petitioner to show error. . Petitioners have failed to sustain their burden of proof. Decision will be entered for the respondent.